■ MELVIN R. OKSNER et al., Respondents, v RAYMOND T. MURPHY, Appellant. — In an action, *inter alia,* to recover a chattel, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 12, 1981, as denied his motion for partial summary judgment. Order reversed insofar as appealed from, on the law, without costs or disbursements, defendant's motion is granted and plaintiffs' first cause of action is dismissed. The first cause of action seeks to recover possession of the racehorse "Take Your Place", based upon breach of an oral conditional sales contract, entered into on April 17, 1978. Defendant admits that a sales contract exists, but alleges that it included somewhat different items than those spelled out by plaintiffs, and denies that it included a security agreement. Subdivision (1) of section 9-203 of the Uniform Commercial Code provides that "a security interest * * * is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless (a) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral". In the case at bar, it is undisputed that the debtor is in possession of the horse, and that no written security agreement signed by the debtor exists. Thus, as a matter of law, plaintiffs' first cause of action is barred by the Statute of Frauds. (See Uniform Commercial Code, § 9-203, Comments 3, 5; *Marine Midland Bank — Eastern Nat. Assn. v Conerty Pontiac-Buick,* 77 Misc 2d 311; *Matter of Marta Co-op. [New York Credit Men's Adj. Bur.],* 74 Misc 2d 612; *Matter of Numeric Corp.,* 485 F2d 1328; *L & V Co. v Asch,* 26 Md 251.) As defendant's motion for partial summary judgment was directed at plaintiffs' first cause of action, we express no opinion as to the validity of plaintiffs' other causes of action. Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.